**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **Criminal Case No.: GJH-16-557** |
| **TEHRAN DONNELL WADLEY,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Tehran Donnell Wadley is currently serving a 76-month sentence at FCI Allenwood Low, a Bureau of Prisons ("BOP") facility, after a jury found him guilty of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Pending before the Court is Mr. Wadley's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Emergency Motion for Compassionate Release"). ECF No. 128. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Wadley's Emergency Motion for Compassionate Release is denied.

**I. BACKGROUND**

On November 16, 2016, a grand jury for the District of Maryland issued an Indictment charging Mr. Wadley with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On December 15, 2016, Mr. Wadley was arraigned and entered a plea of not guilty. ECF No. 14. On October 19, 2017, after a two-day trial, a jury found Mr. Wadley guilty of the one charge in the Indictment. ECF Nos. 64, 65, 72. On April 27, 2018, the Court sentenced Mr. Wadley to 76 months of imprisonment. ECF No. 93.

1

On April 16, 2020, Mr. Wadley filed a request for reduction in sentence based on his health with the warden of FCI Allenwood Low. ECF No. 130-4. This request was denied on May 6, 2020. ECF No. 130-5. On June 18, 2020, Mr. Wadley filed the pending Emergency Motion for Compassionate Release in this Court, citing the COVID-19 pandemic. ECF No. 128. The Government filed a response on June 30, 2020. ECF No. 131.

## II.   DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Mr. Wadley requests that the Court reduce or modify his sentence to time served or, in the alternative, add a period of home confinement as a condition of supervised release, due to medical conditions that make him vulnerable to the COVID-19 virus, including asthma, a history of deep vein thrombosis, and hypertension. Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). This general rule is subject to certain exceptions, including the compassionate release provision, which provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission provides this description in § 1B1.13 of the U.S. Sentencing Guidelines, which states, in relevant part, that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which include if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). Although the Sentencing Commission and BOP criteria provide helpful guidance to the Court, they are not binding

because "the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *Decator*, 2020 WL 1676219, at *2; *see also United States v. Lazarte*, No. GJH-16-296, ECF No. 52 (D. Md. July 7, 2020); *United States v. Mel*, No. TDC-18-571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020).

Here, Mr. Wadley meets the administrative threshold for filing a motion for compassionate release. He first requested a reduction in sentence by letter to the warden of FCI Allenwood Low on April 16, 2020. ECF No. 130-4. The warden denied the request on May 6, 2020, ECF No. 130-5, and Mr. Wadley filed the pending Motion in this Court on June 18, 2020, more than thirty days after the warden received the initial request. Mr. Wadley has therefore satisfied the statutory exhaustion requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

But even though Mr. Wadley's asthma, history of deep vein thrombosis, and hypertension might increase his risk of contracting a severe case of COVID-19, *see People Who Need to Take Extra Precautions: People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (June 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, Mr. Wadley has not established that "extraordinary and compelling reasons" justify his early release. As the United States Court of Appeals for the Third Circuit recently explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Marshall*, No.

4

DKC-13-492-3, 2020 WL 3447746, at *1 (D. Md. June 24, 2020) (noting this conclusion and denying the defendant's motion for compassionate release).

The Court's review of BOP's COVID-19 response plan reveals a comprehensive and evolving effort to curtail the virus and protect both inmates and staff. These measures have apparently been effective at FCI Allenwood Low, where there have been no reported cases of COVID-19 among inmates and only one staff member has tested positive and since recovered. *See COVID-19 Cases*, FEDERAL BUREAU OF PRISONS (July 8, 2020), https://www.bop.gov/coronavirus/. Thus, while the Court "does not downplay the severity of [Mr. Wadley's] medical conditions," the Court finds that "his particularized susceptibility is not sufficient as he fails to also demonstrate a particularized risk of contracting COVID-19" at his facility, *United States v. White*, No. 3:18cr61-HEH, 2020 WL 3442171, at *5–*6 (E.D. Va. June 23, 2020), and that, "in the context of overall trends in infections, the low-to-nonexistent infection rate at Allenwood, and the measures taken by BOP to minimize and contain infections, the circumstances are not so extraordinary and compelling as to support compassionate release," *United States v. Terry*, No. 16-210 (KM), 2020 WL 3264086, at *4 (D.N.J. June 18, 2020); *see also United States v. Shkreli*, No. 15-cr-637(KAM), 2020 WL 2513521, at *2 (E.D.N.Y. May 16, 2020) (finding no extraordinary and compelling circumstances for defendant incarcerated at FCI Allenwood Low because there were no reported cases of COVID-19, and therefore the defendant had not proven himself to be at any increased risk of catching the virus); *United States v. Wright*, Nos. TDC-17-388, TDC-19-35, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (stating that the fact that there were no COVID-19 cases at the defendant's BOP facility "reduce[d] the imminence of the risk to [the defendant]"); *United States v. Feiling*, No. 3:19cr112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (denying compassionate release to defendant with

5

multiple medical conditions because, in part, he failed to demonstrate a particularized risk of contracting COVID-19 at a facility that had yet to confirm a positive case).

Not only has Mr. Wadley failed to demonstrate that extraordinary and compelling reasons justify his release, a reduction in sentence would also be inconsistent with applicable Sentencing Commission policy statements, which provide that a sentence reduction is appropriate only if the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). To determine whether a defendant is a danger to the community, courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Here, Mr. Wadley was convicted of possessing a firearm. The evidence admitted at trial showed that the weapon was a nine-millimeter caliber semiautomatic pistol with a partially obliterated serial number, one round of ammunition, and an extended magazine, which the Court noted during sentencing was "not a typical firearm." *See* ECF No. 102 at 57. Moreover, as the Court explained during sentencing, Mr. Wadley "has a lengthy criminal history," which includes "one or more firearm convictions, a theft conviction, [and] a reckless endangerment conviction where the facts … are troubling to the Court" and appeared to be "a very serious and violent offense." *Id.* at 55–56, 57. Thus, releasing Mr. Wadley would pose a danger to the community and would therefore make a sentence reduction inconsistent with applicable Sentencing Commission policy statements.

Accordingly, Mr. Wadley's Emergency Motion for Compassionate Release is denied.

### III. CONCLUSION

For the foregoing reasons, Mr. Wadley's Emergency Motion for Compassionate Release, ECF No. 128, is **DENIED**.

Date: <u>July    9, 2020</u>

                                           /s/
                                        GEORGE J. HAZEL
                                        United States District Judge